OPINION
{¶ 1} Defendant-appellant, Robert J. Crisp, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court. Because his conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} On September 20, 2005, David Corfman, an air quality technician for The Ohio State University, took a truck load of microwave/refrigerator units ("units") to Baker Hall. The units were to be examined in the basement of Baker Hall and, if necessary, repaired. He unloaded the truck and placed the units on the hall's loading dock. The majority of the units were used, although some of them were new. Rather than take the units immediately to the basement, Corfman left the units on the loading dock and went to get another load of units.
 {¶ 3} That same day, The Ohio State University Detective Justin Root was driving on West 12th Avenue when he saw a truck pass him and turn into the driveway for Baker Hall. Detective Root turned his car around and saw the truck backed into the Baker Hall loading dock. Some units were already in the back of the truck and Detective Root observed appellant loading another unit onto the truck. Detective Root approached appellant and asked him what he was doing with the units. Appellant told him that he was taking the units to sell for scrap. Detective Root asked appellant if he had permission to take the units. Appellant stated that he had permission and gave the detective a blank form entitled "The Ohio State University Hospitals Property Release Form." The form contained lines for various information, including a description of the property to be released and a signature line for the person releasing the property. However, the form had not been filled out or signed. Moreover, Baker Hall was not part of The Ohio State University Hospital. Thereafter, Detective Root questioned Corfman and discovered that the units had been temporarily left on the loading dock pending removal to the basement. No one gave appellant permission to take the units. Accordingly, Detective Root arrested appellant for theft.
 {¶ 4} Detective Root filed a criminal complaint in the Franklin County Municipal Court charging appellant with one count of theft in violation of R.C. 2913.02(A)(1). Appellant entered a not guilty plea to the charge and proceeded to a jury trial. The jury found appellant guilty of one count of theft and the trial court sentenced him accordingly.
 {¶ 5} Appellant appeals and assigns the following error:
There was insufficient evidence to support the guilty verdict, and the verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
 {¶ 6} Appellant's lone assignment of error challenges both the sufficiency of the evidence supporting his conviction and the manifest weight of that evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will address appellant's sufficiency of the evidence and manifest weight arguments separately.
 {¶ 7} First, with respect to appellant's sufficiency of the evidence argument, the operative inquiry is whether the evidence is adequate to sustain a verdict. Id., at 386-387. When reviewing the sufficiency of the evidence, an appellate court must:
[E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. This test raises a question of law and does not allow the court to weigh the evidence. Thompkins, at 386;State v. Thomas (1982), 70 Ohio St.2d 79, 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v.Virginia (1979), 443 U.S. 307, 319. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, at ¶ 79; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction.").
 {¶ 8} In order to convict appellant of theft as charged, the state must prove beyond a reasonable doubt that appellant, with purpose to deprive the owner of property, knowingly obtained or exerted control over property without the consent of the owner or a person authorized to give consent. R.C. 2913.02(A)(1). A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C.2901.22(B). Absent an admission, whether a person acts knowingly may be gathered from the surrounding facts and circumstances.State v. Huff (2001), 145 Ohio App.3d 555, 563; State v. Lott
(1990), 51 Ohio St.3d 160, 168.
 {¶ 9} Appellant contends the state did not present sufficient evidence to prove that he knowingly deprived the school of its property. We disagree.
 {¶ 10} Appellant argues that he took the units under the mistaken belief that the school had abandoned the units as trash. A mistake of fact can, in certain circumstances, negate the knowingly element of a specific intent crime such as theft.State v. Snowden (1982), 7 Ohio App.3d 358, paragraph three of the syllabus; Columbus v. Harbuck (Nov. 30, 2000), Franklin App. No. 99AP-1420. See, also, State v. Beyers (Apr. 26, 1996), Greene App. No. 95-CA-32 (noting that a defendant cannot be convicted of theft if owner abandoned property or if defendant reasonably believed that property was abandoned). However, the record does not support appellant's argument.
 {¶ 11} It is undisputed that appellant removed some of the units from the Baker Hall loading dock and placed them in his truck. It is also undisputed that the university did not intend to throw these units out. The state presented evidence that when the university discards a refrigerator unit, it removes the refrigerant and places an EPA sticker and "Hard Trash" label on the unit, thereby indicating that the unit can be picked up by the university's garbage service. The units at issue here did not have any markings that would indicate to a passer-by (or to a professional recycler[1]) that they were to be thrown out. Additionally, while the majority of the units on the loading dock were used, some of the units were new. The record is also devoid of any evidence indicating that appellant had permission to take these units. When asked if he had permission to take the units, he produced a blank OSU Hospitals Property Release Form. Baker Hall is not part of OSU Hospitals. This evidence, viewed in a light most favorable to the state, is sufficient for a rational trier of fact to find that appellant knowingly obtained control over the units without the university's consent, that the university did not abandon the units, and that appellant could not have reasonably believed the university abandoned the units.
 {¶ 12} Appellant also argues that his conviction is against the manifest weight of the evidence. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional cases in which the evidence weighs heavily against conviction.'" Id.
 {¶ 13} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP3-5, 2002-Ohio-4503, at ¶ 58. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28.
 {¶ 14} Again, appellant claims that he mistakenly believed that the university had abandoned the units as trash. The jury considered this claim[2] and obviously rejected it. The jury did not clearly lose its way when it rejected appellant's defense. Although the majority of the units on the loading dock were used, some were in fact new. Additionally, the units bore no labels or markings indicating that they were to be disposed of as trash. Nor did appellant testify that he believed the units were trash. Detective Root testified that appellant told him that appellant had permission to take the units. However, appellant presented only an unsigned Property Release Form from The Ohio State University Hospitals. The form did not list the subject units. Appellant did not tell the detective that he thought the units were trash. It was within the province of the jury to reject appellant's mistake of fact defense. Cf. State v. Hill
(Apr. 5, 2002), Hamilton App. No. C-010176 (rejection of defendant's claim of self-defense within province of jury);State v. Jones (July 9, 1992), Cuyahoga App. No. 60966 (rejection of defendant's alibi defense within province of jury). This is not the exceptional case in which the evidence weighs heavily against the conviction.
 {¶ 15} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, appellant's lone assignment of error is overruled.
 {¶ 16} Having overruled appellant's lone assignment of error, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.
[1] Appellant's counsel claimed at trial that he was a professional recycler. However, appellant did not testify at trial and there is no evidence to support this claim.
[2] While appellant's counsel did not request a jury instruction on the defense of mistake of fact, he argued in closing that one could have reasonably assumed that the units were trash, given the location and appearance of the units.