**[Cite as *State v. Boystel*, 2021-Ohio-2529.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| CITY OF URBANA | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2020-TRD-1148 |
| | : | |
| CHRISTY BOYSTEL | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

ROGER A. STEFFAN, Atty. Reg. No. 0086330, Assistant Prosecuting Attorney, Champaign County Municipal Prosecutor's Office, 205 South Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 202 Scioto Street, Urbana, Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Christy Boystel appeals from a judgment of the Champaign County Municipal Court, which found her guilty after a bench trial of violating Section 331.19(a) of the Urbana Codified Ordinance, a minor misdemeanor. For the reasons that follow, the trial court's judgment will be affirmed.

I.  **Facts and Procedural History**

{¶ 2} On the evening of October 14, 2020, Kristine Faulkner was driving her red Honda Accord westbound on Church Street in Urbana. As is often the case on Church Street, cars were parked on both sides of the road, so Faulkner was proceeding down the middle part of the street. At the same time, Boystel was traveling northbound on Wallace Street in a red minivan.

{¶ 3} The intersection of Church and Wallace Streets is a two-way stop. There are stop signs on both sides of the intersection on Wallace, but drivers on Church Street do not have to stop and have the right-of-way.

{¶ 4} Faulkner, traveling on Church Street, and Boystel, driving on Wallace Street, arrived at the intersection at approximately the same time. Boystel paused at the stop sign but apparently did not see the oncoming vehicle driven by Faulkner. She proceeded to drive out into the intersection to effectuate a right-hand turn and collided with Faulkner's Honda. Boystel's van struck the driver's side door of Faulkner's vehicle with the front driver's side bumper of hers. Both vehicles suffered minor damage.

{¶ 5} Officer Keith Hurst of the Urbana Police Department was dispatched to the scene and, after speaking with the parties and doing some investigation of his own, he found Boystel to be at fault and cited her with failure to yield (at a stop sign), a minor

misdemeanor, in violation of Urbana Codified Ordinance 331.19(a).

{¶ 6} On October 26, 2020, Boystel appeared for arraignment, entered a plea of not guilty, and was given a trial date. After some postponements and rescheduling, a bench trial was held on December 16, 2020. Both sides called two witnesses. Faulkner and Officer Hurst testified for the city, and Boystel testified on her own behalf. Additionally, Kaylee Jones, a passenger in Boystel's vehicle at the time of the crash, testified for the defense.

{¶ 7} After hearing witness testimony and considering exhibits from both sides, the trial court found Boystel guilty of failure to yield and imposed fines and court costs (although the amount is disputed by the parties). Boystel has appealed and raises five assignments of error. We will address them in an order that facilitates our analysis.

## II.     The appeal is not moot

{¶ 8} We will begin with Boystel's final assignment of error because the rest of her arguments hinge on its outcome. In her fifth assignment of error, Boystel contends that her conviction is not moot because of the collateral consequences she suffered as a result. While this assertion is not properly construed as an assignment of error, we agree.

{¶ 9} In misdemeanor cases, courts consider criminal appeals to be moot if the appellant has completed his or her sentence prior to a ruling on the appeal on the basis that, if the sentence had been served, a favorable judgment could not "operate to undo what has been done or restore the petitioner the penalty of the term of imprisonment which he has served." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 17. The Ohio Supreme Court has noted that, when a defendant has been convicted of a criminal offense and has voluntarily paid the fine or completed the sentence

for that offense, the "appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236, syllabus.

{¶ 10} In this case, however, Boystel has suffered collateral consequences, even though she has paid her fine. The record indicates that a violation of Urbana Codified Ordinance 331.19(a) is a minor misdemeanor which carries with it a penalty of two points on her license. The two demerit points, as minimal as they might seem, are still consequential. *See In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 406, ¶ 13 (the imposition of points is a penalty that constitutes a collateral disability flowing from a traffic offense and preserves the justiciability of the appeal).

{¶ 11} The record indicates that Boystel paid the costs levied by the court as a result of her conviction but still incurred two demerit points on her license. Her appeal, therefore, is not moot.

### III. Sufficiency and Manifest Weight of the Evidence

{¶ 12} In her first and second assignments of error, Boystel argues that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 13} Sufficiency is a "term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is sufficient to sustain a verdict is a question of law. *Id.*

{¶ 14} It is our function, when reviewing the sufficiency of the evidence, to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Marshall*, 191 Ohio App.3d 444, 2010-Ohio-5160, 946 N.E.2d 762, ¶ 52 (2d Dist.). The relevant inquiry is whether, viewing the evidence in the light most favorable to the government, any reasonable trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *Id.*

{¶ 15} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted) *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12; *see Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19. When an appellate court reviews whether a conviction is against the manifest weight of the evidence, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 16} The trier of fact sees and hears the witnesses, and because of that, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of the witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). A conviction should only be reversed as being against the manifest weight of the evidence in exceptional circumstances. *Martin* at 175.

{¶ 17} "Although sufficiency and manifest weight are separate legal concepts, manifest weight can subsume sufficiency in conducting the analysis – finding that a conviction is supported by the manifest weight of the evidence necessarily comprises a finding of sufficiency." *State v. Freeman*, 2d Dist. Greene No. 2020-CA-33, 2021-Ohio-734, ¶ 39.

{¶ 18} In the case before us now, Boystel was convicted of failure to yield at a stop sign, a violation of Urbana Codified Ordinance 331.19(a). The ordinance states, in relevant part: "After having stopped [at the stop sign], the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways." Urbana Codified Ordinance 331.19(a). The evidence presented at trial indicated that Boystel did not comply with the ordinance.

{¶ 19} Faulkner, the driver of the other car, testified that she was driving west on Church Street and, because there were parked cars on both sides of the road, she was traveling close to the middle of roadway. As Faulkner approached Wallace Street, she continued straight without slowing down as she did not have a stop sign. Then, in the intersection of Church and Wallace, Boystel's van collided with her car. When asked to describe what happened, Faulkner testified: "I think she was at a stop sign, and then went to pull out, and then she just kind of scraped the car as a result. * * * The damage went all down the driver's side." Trial Transcript at 7-8.

{¶ 20} Officer Hurst also testified. He stated that he learned Faulker was traveling westbound on Church Street while Boystel was driving northbound on Wallace Street. Boystel came to a stop at the stop sign, made a right-hand turn to travel eastbound on

Church Street and then collided with Faulkner. Officer Hurst ultimately cited Boystel because even though she did stop, she had a duty to yield to the traffic which did not have a stop sign; Boystel should have let Faulkner pass before pulling onto the roadway.

{¶ 21} Boystel testified at trial as well and relayed a similar story. The difference, though, was that Boystel claimed that she could not see Faulkner's vehicle due to cars parked on the street near the intersection. That conclusion, however, was contradicted by Officer Hurst, who testified that it was possible to see approaching traffic while stopped at that stop sign.

{¶ 22} Now on appeal, Boystel argues that her conviction was based in insufficient evidence and against the manifest weight of the evidence because Faulkner was actually at fault. She first asserts that the collision would not have happened had Faulkner not been driving down the middle of the road. While it is undisputed that Faulkner was driving in the center of the roadway, both Faulkner and Officer Hurst attributed that fact to cars parked on both sides of Church Street. Officer Hurst testified that he "believed Miss Faulkner had to travel closer to the center of the roadway to be safe due to the vehicles parked on both sides of the street." Trial Transcript at 25.

{¶ 23} Boystel also contends that speed played a role in the crash. Faulkner did admit to driving approximately 35mph in the 25mph zone, but Officer Hurst testified that speed was not a factor that led to the collision. Further, Boystel faults Faulkner for being distracted at the time of the accident. Faulkner admitted that she had her phone out to check the time when the accident occurred (she testified her car's clock did not work), but stated she was not texting and denied that looking at her phone caused her to weave or swerve out of the middle of the road.

{¶ 24} Boystel's final claim is that Faulkner had a duty to stop when she saw Boystel at the stop sign and then when Boystel pulled out into the intersection. The trial court explicitly discounted that defense theory stating, "That would mean any time you saw somebody at a stop sign, you should stop because they could pull out. That actually makes absolutely no sense." Trial Transcript at 76.

{¶ 25} Considering the evidence presented at trial, we conclude that the trial court did not lose its way in reaching the guilty verdict. The ordinance states that the driver at the stop sign "shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard[.]" Urbana Codified Ordinance 331.19(a). The evidence showed that Boystel stopped at the stop sign, but instead of yielding to Faulkner, who had the right of way, she pulled out into the intersection and struck Faulkner's vehicle. The verdict was not against the manifest weight of the evidence.

{¶ 26} Having concluded that the verdict was not against the manifest weight of the evidence, it was necessarily based on sufficient evidence, because "finding that a conviction is supported by the manifest weight of the evidence necessarily comprises a finding of sufficiency." *Freeman* at ¶ 39.   Boystel's first and second assignments of error are overruled.

IV.   **It was not error to strictly construe Urbana Codified Ordinance 331.19(a) against Boystel**

{¶ 27} In her third assignment of error, Boystel asserts that it was plain error for the trial court to strictly construe Urbana Codified Ordinance 331.19(a) against her.

{¶ 28} "Plain error is an error or defect at trial, not brought to the attention of the

court, that affects a substantial right of the defendant." *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 571, ¶ 16 (2d Dist.), citing Crim.R. 52(B). We have previously noted that the standard for plain error is whether, but for the alleged error, the outcome of the proceeding clearly would have been different. *Id.* "Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.*

{¶ 29} Boystel asks us to strictly construe the statute against the City and liberally in her favor pursuant to R.C. 2901.04(A). And while R.C. 2901.04(A) indeed calls for that, "[t]he cannon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose. The canon is satisfied if the statutory language is given fair meaning in accord with the manifest intent of the General Assembly." (Citations omitted.) *State v. Warner*, 55 Ohio St.3d 31, 47, 546 N.E.2d 18 (1990). Even if it did apply (the violation was of the Urbana Codified Ordinance not the Ohio Revised Code), the language and intent of Urbana Codified Ordinance 331.19(a) is unambiguous. Cars at stop signs must not move into the intersection until right-of-way traffic has cleared.

{¶ 30} Boystel also argues that failure to yield should not be considered a strict liability crime. We disagree. "Statutes and ordinances enacted for the purpose of promoting the safety, health or well-being of the public are generally meant to be enforced under a strict liability standard." *Columbus v. Shirkey*, 10th Dist. Franklin No. 08AP-752, 2009-Ohio-1329, ¶ 30. In fact, traffic offenses and motor vehicle laws are areas listed by the United States Supreme Court as being amenable to the imposition of strict liability. *United States v. Morissette*, 342 U.S. 246, 262, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Ohio

courts have held likewise, even for much more serious offenses such as driving under the influence. *See State v. Cleary,* 22 Ohio St.3d 198, 199, 490 N.E.2d 574 (1986).

{¶ 31} Section 331.19(a) was enacted for the purpose of promoting the safety and well-being of the public. Vehicles traveling through intersections with the right-of-way must be able to navigate those junctions without being impeded by vehicles coming from other directions. Further, drafters of the Urbana Codified Ordinance were clear -- "the driver *shall* yield the right of way[.]" (Emphasis added). This language does not leave much wiggle room; as a driver at the stop sign, you either yield, or you do not. There is either a violation or there is not. This type of all-or-nothing phrasing militates in favor of our conclusion that Urbana Codified Ordinance 331.19(a) is a strict liability offense.

{¶ 32} Further, this is not a case where the trial court committed plain error. As stated above, plain error should only be noticed in "exceptional cases" and only to prevent a "miscarriage of justice." The trial court analyzed the ordinance and its application to Boystel in a reasonable way: she failed to yield to Faulker's vehicle, which had the right of way, and in failing to do so, she violated the plain language of Urbana Codified Ordinance 331.19(a). Thus, this is not one of those "exceptional cases."

{¶ 33} The third assignment of error is overruled.

V.     **There is no evidence of a plea agreement**

{¶ 34} In her fourth assignment of error, Boystel avers that the trial court abused its discretion when it refused to accept a purported plea agreement without a reason or making a record.

{¶ 35} Appellate review is limited to the record as it was at the time the trial court rendered its judgment. *State v. Deaton,* 2d Dist. Montgomery No. 28735, 2020-Ohio-

6955, ¶ 29. Arguments relying on evidence outside the record are not appropriately considered on direct appeal, and we will "disregard alleged facts that are not of record in the trial court." *Chase Manhattan Mfg. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10.

**{¶ 36}** Notwithstanding the assignment of error, there is no evidence in the record before us that indicates a plea agreement was ever presented to the trial court. In fact, both parties confirm in their appellate briefs that, while there were negotiations between counsel, a formal offer was never proposed to the court on the record.

**{¶ 37}** Considering the record before us, Boystel's fourth assignment of error is overruled.

## VI.     Conclusion

**{¶ 38}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Roger A. Steffan
Regina Rosemary Richards
Hon. Gil Weithman