[Cite as *State v. Hayes*, 2016-Ohio-7373.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellant

-vs-

NICHOLE R. HAYES

      Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. CT2016-0011

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court, Case No. CRB1500766 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 14, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellant

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellee

KEVIN VAN HORN
715 Adair Ave.
Zanesville, Ohio 43701

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant the state of Ohio appeals the January 7, 2016 Judgment Entry entered by the Muskingum County Court dismissing with prejudice the charge of failure to keep records of the harvest and sale of ginseng, in accordance with R.C. 1533.882(F) and OAC 1501: 31-40-01(E), against defendant-appellee Nichole R. Hayes.

STATEMENT OF THE CASE[1]

**{¶2}** On September 14, 2015, Appellee was engaged in the harvest and sale of ginseng, when she was stopped and investigated by law enforcement. Appellee told the officer she did not have her records kept in accordance with R.C. 1533.882(F) and OAC 1501:31-40-01E on her person, but the records were at a different location. Appellee admitted to the officer she did not log her records until after the sale of the ginseng. As a result, Appellee was charged with violating of R.C. 1533.882(F) and O.A.C. 1501:31-40-01(E).

**{¶3}** On October 19, 2015, Appellee filed a motion to dismiss the charge arguing the statute was void for vagueness. On November 20, 2015, the trial court conducted a hearing on the motion. Via Judgment Entry of January 7, 2016, the trial court held,

> As to the Defendant's motion, the Court sustains Defendant's Motion
> to Suppress as follows:
>
> (1) The Court finds that the Defendant did not fail to provide Ginseng
> records when asked and even gave the Officer the exact location of said

---

[1] A full rendition of the underlying facts is unnecessary for resolution of this appeal.

record book while she was in custody. The Court finds ORC Section 1533.882(F) to be unconstitutionally vague for reasons that it does not inform a person of average intelligence what conduct or failure to act will render that person [subject] to the statutes' penalties. Specifically, the statute and regulations do not give sufficient notice of when records must be created and produced to law enforcement personnel regarding the pound and ounces of ginseng collected.

**{¶4}** The trial court dismissed the charge against Appellee with prejudice.

**{¶5}** The state of Ohio appeals, assigning as error,

**{¶6}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THE OHIO REVISED CODE SECTION 1533.88 WAS VOID FOR VAGUENESS."

**{¶7}** The trial court granted Appellee's motion to dismiss finding R.C. 1533.882(F) and O.A.C. 1501:31-40-01 unconstitutional for reason of vagueness.

**{¶8}** R.C. 1533.882(F) reads,

No person shall do any of the following:

\*\*\*

(F) Fail to keep records as established by rule adopted pursuant to section 1533.88 of the Revised Code;

**{¶9}** O.A.C. 1501:31-40-01 reads, in pertinent part,

(E) Any person collecting ginseng is required to keep accurate records showing the number of pounds and ounces of ginseng, both green and/or dry weight, collected in each Ohio county by date of collection.

(F) No person collecting wild ginseng shall fail to provide the information required by paragraph (E) of this rule and rule 1501:31-40-02 of the Administrative Code to buyers or dealers with whom the collector does business or, upon demand, to any law enforcement officer having jurisdiction.

**{¶10}** Appellee testified at the hearing and told the officer she had records of her harvest and sale of ginseng, but did not have the records on her person. She also stated she recorded her entries upon sale of the ginseng. Appellee admitted she had not entered her last harvest in the record book before the demand by law enforcement.

**{¶11}** The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. *City of Norwood v. Horney*, 110 Ohio St.3d 353, 380 (2006).

**{¶12}** The void for vagueness doctrine does not require statutes to be drafted with scientific precision. *State v. Anderson*, 57 Ohio St.3d 168, 174 (1991). When examining a statute for vagueness, it should be measured against three values: 1.) to provide fair warning to the ordinary citizen so their behavior may comport with the statute, 2.) to preclude arbitrary, capricious, and generally discriminatory enforcement by officials, and 3.) to ensure fundamental

constitutionally protected freedoms are not unreasonably impinged or inhibited. *State v. Tanner,* 15 Ohio St.3d 1, 3 (1984).

{¶13} The State argues a record of the harvest of ginseng must be made on the date of collection, and the harvester must have the record with them at any time law enforcement might demand to see it. Appellee asserts the language may be read as requiring the harvester to chronologically record the harvesting of ginseng according to the date of collection, without reference as to when the record must be completed.

{¶14} We agree with the trial court the statute and rule do not provide a reasonable person of ordinary intelligence fair notice and sufficient definition and guidance as to when the records must be made and do not provide a time frame for when the records must be produced to law enforcement after demand; We find the statutory requirements void for vagueness.

{¶15} The judgment of the Muskingum County Court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur