[Cite as *State v. Davis*, 2021-Ohio-3093.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 21CA000004 |
| | : | |
| BRIAN L. DAVIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Cambridge Municipal
                                 Court, Case No. 20CRB00793

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          September 7, 2021

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

WILLIAM H. FERGUSON                         MARK A. PERLAKY
CAMBRIDGE LAW DIRECTOR                      120 N. Broadway St.
150 Highland Ave., Suite 2                  P.O. Box 249
Cambridge, OH 43725                         New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Defendant-Appellant Brian L. Davis appeals his January 29, 2021 conviction and sentence by the Cambridge Municipal Court. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

### The Root of All Evil

{¶2}   Pursuant to R.C. 1533.87, the State of Ohio established "in the department of natural resources the Ohio ginseng management program, which shall be administered by the chief of the division of wildlife. The program shall be administered to achieve and maintain a sustained yield of ginseng so that harvesting of the plant is not detrimental to the survival of the species. The chief shall do all things necessary to regulate the harvesting of wild ginseng and the buying, possession, transportation, sale, offering for sale, or exposure for sale of wild or cultivated ginseng." R.C. 1533.87. In 2020, the Ohio Division of Wildlife and the United States Fish and Wildlife Service were working together to conduct an undercover operation to root out systemic violations of the harvesting of wild ginseng. The undercover operation was named "The Root of All Evil" and involved investigations in three states. (T. 27).

{¶3} As part of the undercover operation, Ohio State Wildlife Officers Jarrod Allison and Michael Budd were provided information that Defendant-Appellant Brian L. Davis and a companion might be selling illegally harvested ginseng at a gas station located in Guernsey County, Ohio. On September 10, 2020 at 8:57 a.m., Officers Allison and Budd observed Davis's vehicle pull into the gas station. The officers identified themselves to Davis and his companion and asked why they were at the gas station.

Davis stated they were meeting someone to sell them ginseng. The officers explained Davis's Miranda rights and he agreed to speak with them. Davis showed the officers three containers of ginseng and admitted that he had dug some of the ginseng on August 15, 2020, prior to the legal start date of September 1st. Upon inspection, it was determined that some of the ginseng was dried.

{¶4} The officers asked Davis for his record system as required by Ohio statute and Ohio Administrative Code regulating the harvesting of ginseng. Davis responded he kept records, but they were not with him. Upon further investigation, Davis could not produce the required records.

{¶5} On September 15, 2020, Davis was charged in the Cambridge Municipal Court with Possessing Ohio Dry Uncertified Ginseng at a Time Other Than September 15, 2020 to August 31, 2021, a first-degree misdemeanor in violation of R.C. 1533.88 and Ohio Adm.Code 1501:31-40-02(B); and Failure to Keep Accurate Records showing weight or number of roots collected in each county by date of collection, a first-degree misdemeanor in violation of R.C. 1533.88 and Ohio Adm.Code 1501:31-40(E). The State amended the charges to Count A: Possession of Uncertified Ginseng, in violation of R.C. 1533.882(E), and Count B: Possession of Ginseng Without Records, in violation of 1533.882(F). Davis entered pleas of not guilty to the amended charges.

## Motion to Dismiss

{¶6} On November 6, 2020, Davis filed a Motion to Dismiss the Complaint. He first argued that the charge of Possessing Ginseng Without Records should be dismissed because this Court previously found R.C. 1533.882(F) unconstitutional in *State v. Hayes*, 63 N.E.3d 184, 2016-Ohio-7373 (5th Dist.). While Ohio Adm.Code 1501:31-40-01, related

to R.C. 1533.882(F), was amended after *State v. Hayes*, Davis contended the amendment was insufficient and the statute remained void for vagueness. Davis next argued the charge of Possession of Uncertified Ginseng, in violation of R.C. 1533.882(E), was likewise void for vagueness due to the language in the related Ohio Adm.Code 1501:31-40-02(B).

{¶7} The State filed a memorandum contra on January 27, 2021. The State argued the amendment to Ohio Adm.Code 1503:31-40-01 remedied the issue raised in *State v. Hayes*. The State next argued that Davis's motion to dismiss under R.C. 1533.882(E) raised issues of the sufficiency of the charging document, not the constitutionality of the statute.

{¶8} On January 29, 2021, the trial court held a hearing on the motion to dismiss. After considering the parties' arguments, the trial court denied the motion to dismiss. Davis then entered a plea of no contest to the charges. The trial court found Davis guilty of both charges and imposed a suspended sentence of 30 days in the Guernsey County Jail, a $250 fine, and one year of community control sanctions. The trial court stayed all penalties pending appeal of the January 29, 2021 sentencing entry to the Fifth District Court of Common Pleas.

## ASSIGNMENT OF ERROR

{¶9} Davis raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BY NOT FINDING THAT REVISED CODE SECTION 1533.882 IS UNCONSTITUTIONAL."

**ANALYSIS**

{¶11} In his sole Assignment of Error, Davis contends the trial court erred in denying his motion to dismiss the charges of Possession of Uncertified Ginseng and Possession of Ginseng Without Records. We disagree.

**Ohio Statutory and Regulatory Protection of Ginseng**

{¶12} Pursuant to R.C. 1533.88, the State of Ohio authorized the chief of the division of wildlife to adopt rules as necessary to carry out the purposes of sections 1533.86 to 1533.90 including, but not limited to establishing a harvest season for wild ginseng, establishing a buying season for ginseng that has not yet been certified in accordance with the rules adopted under R.C. 1533.88(B), and establishing a record system to be kept by collectors, dealers, and growers of ginseng.

{¶13} Davis was charged with Possession of Uncertified Ginseng, in violation of R.C. 1533.882(E). The statute reads:

No person shall do any of the following:

* * *

(E) Except during the buying season as established by rule adopted

pursuant to section 1533.88 of the Revised Code, buy, otherwise acquire,

or sell uncertified ginseng.

{¶14} Ohio Adm.Code 1501:31-40-02(B) is applicable to R.C. 1533.882(E). It reads:

(B) No person shall buy or otherwise acquire or possess Ohio dry uncertified

wild or dry uncertified cultivated ginseng from April first through September

fifteenth of each year, or green uncertified wild or green uncertified

cultivated ginseng from April first through August thirty-first without written authorization from the chief of the division of wildlife. Live immature cultivated ginseng plants and seeds from cultivated ginseng plants sold by commercial growers for propagation purposed within the United States are not regarded as harvested and are exempt from the certification requirement and may be possessed at any time provided any person possessing such cultivated ginseng supplies proof of purchase, upon demand, to any law enforcement office having jurisdiction.

{¶15} Davis was also charged with Possession of Ginseng Without Records, in violation of R.C. 1533.882(F). The statute reads:

No person shall do any of the following:

* * *

Fail to keep records as established by rule adopted pursuant to section 1533.88 of the Revised Code.

{¶16} Ohio Adm.Code 1501:31-40-01(E), (F), and (I) are applicable to R.C. 1533.882(F). The regulations read:

(E) It shall be unlawful for any person collecting ginseng to fail to keep accurate daily records showing the number of pounds and ounces of ginseng, both green and/or dry weight, or the number of roots, collected in each Ohio county by date of collection.

(F) It shall be unlawful to fail to record the information required in paragraph (E) of this rule before midnight on the date of harvest of ginseng.

* * *

(I) It shall be unlawful to fail to make all records required under paragraph (E) of this rule available for inspection at all reasonable times upon the request of a wildlife officer, constable, sheriff, deputy sheriff, police officer, or other law enforcement officer.

## Constitutionality of Statutory and Regulatory Scheme

{¶17} Davis contends the statutes under which he was charged are unconstitutional because they are void for vagueness. There is a strong presumption that all legislative enactments are constitutional. *City of Canton v. Burns*, 5th Dist. No. 2015CA00163, 2016-Ohio-4885, 70 N.E.3d 138, 2016 WL 3654457, ¶ 23 citing *State v. Collier*, 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991). When it is alleged that a statute or ordinance is void for vagueness, all doubts must, if possible, be resolved in favor of its constitutionality. *Id.* citing *Oregon v. Lemons*, 17 Ohio App.3d 195, 196, 478 N.E.2d 1007 (6th Dist.1984).

{¶18} The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable the person to conform their conduct to the law. *State v. Hayes*, 2016-Ohio-7373. 63 N.E.3d 184, ¶ 11 (5th Dist.) citing *City of Norwood v. Horney*, 110 Ohio St.3d 353, 380, 853 N.E.2d 1115 (2006).

{¶19} The void for vagueness doctrine does not require statutes to be drafted with scientific precision. *Id.* at ¶ 12 citing *State v. Anderson*, 57 Ohio St.3d 168, 174, 566 N.E.2d 1224 (1991). "Administrative regulations similarly do not require the same degree of specificity as criminal statutes." *Ohio Am. Health Care, Inc. v. Ohio Bd. of Nursing*, 2014-Ohio-2422, 11 N.E.3d 1241, ¶ 42 (10th Dist.) citing *Serednesky v. Ohio State Bd.*

*Of Psychology*, 10th Dist. Franklin No. 05AP-633, 2006-Ohio-3146, ¶ 16. When examining a statute for vagueness, it should be measured against three values: (1) to provide fair warning to the ordinary citizen so their behavior may comport with the statute, (2) to preclude arbitrary, capricious, and generally discriminatory enforcement by officials, and (3) to ensure fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. *Id.* citing *State v. Tanner*, 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984).

*Collection Records*

{¶20} Davis was charged for Possession of Ginseng Without Records, in violation of R.C. 1533.882(F). The statute requires him to keep collection records as established by rule adopted pursuant to R.C. 1533.88. In support of his argument that R.C. 1533.882(F) is void for vagueness, he refers this Court to its previous holding in *State v. Hayes*, 2016-Ohio-7373. 63 N.E.3d 184 (5th Dist.). In *State v. Hayes*, the appellant was engaged in the harvest and sale of ginseng. Upon questioning by law enforcement, the appellant told the officer she did not have her records kept in accordance with R.C. 1533.882(F) and Ohio Adm.Code 1501:31-40-01(E) on her person, but the records were in a different location. The appellant admitted that she did not log her records until after the sale of the ginseng. She was charged with violating R.C. 1533.882(F) and Ohio Adm.Code 1501:31-40-01(E). *Id.* at ¶ 2.

{¶21} The appellant filed a motion to dismiss, arguing R.C. 1533.882(F) was void for vagueness. *Id.* at ¶ 3. At the time of the charges, R.C. 1533.882(F) stated, "No person shall do any of the following: * * * [fail] to keep records as established by rule adopted

pursuant to section 1533.88 of the Revised Code." *Id.* at ¶ 8. Ohio Adm.Code 1501:31-40-01 read in pertinent part:

> (E) Any person collecting ginseng is required to keep accurate records showing the number of pounds and ounces of ginseng, both green and/or dry weight, collected in each Ohio county by date of collection.
>
> (F) No person collecting wild ginseng shall fail to provide the information required by paragraph (E) of this rule and rule 1501:31–40–02 of the Administrative Code to buyers or dealers with whom the collector does business or, upon demand, to any law enforcement officer having jurisdiction.

*Id.* at ¶ 9.

{¶22} The appellant contended in her motion to dismiss, and the trial court agreed, that R.C. 1533.882(F) was void for vagueness because it did not inform a person of average intelligence what conduct or failure to act will render that person subject to the statute's penalties. *Id.* at ¶ 3. The trial court found the statutory and regulatory scheme did not give sufficient notice of when the records must be created and produced to law enforcement personnel regarding the pound and ounces of ginseng collected. *Id.* Upon our review of the statute and rule in effect at that time, we affirmed the trial court's determination the statutory requirements were void for vagueness because they did not provide a reasonable person of ordinary intelligence fair notice and sufficient definition and guidance as to when the records must be made and did not provide a time frame for when the records must be produced to law enforcement. *Id.* at ¶ 14.

{¶23} After our judgment in *State v. Hayes,* Ohio Adm.Code 1501:31-40-01 was amended. The amended rules specified a time frame for when the collections records were to be made and produced to law enforcement upon request. The amended rules state in pertinent part:

(E) It shall be unlawful for any person collecting ginseng to fail to keep accurate *daily* records showing the number of pounds and ounces of ginseng, both green and/or dry weight, or the number of roots, collected in each Ohio county by date of collection.

(F) *It shall be unlawful to fail to record the information required in paragraph (E) of this rule before midnight on the date of harvest of ginseng.*

\* \* \*

(I) It shall be unlawful to fail to make all records required under paragraph (E) of this rule *available for inspection at all reasonable times upon the request* of a wildlife officer, constable, sheriff, deputy sheriff, police officer, or other law enforcement officer.

(Emphasis added.) Ohio Adm.Code 1501:31-40-01.

{¶24} The amended regulatory scheme, written pursuant to the authority of R.C. 1533.88, provides the addition of time requirements as to the maintenance of collection records and the production of collection records to law enforcement upon their request. Ohio Adm.Code 1501:31-40-01(E) requires the ginseng harvester to keep accurate daily records. The harvester must record the collection information before midnight on the date of the harvest. Ohio Adm.Code 1501:31-40-01(F). Finally, the harvester must make all

collection records available for inspection at all reasonable times when requested by law enforcement. Ohio Adm.Code 1501:31-40-01(I).

{¶25} Unlike the prior statute and rule examined by this Court in *State v. Hayes*, we find the current statutory and regulatory scheme provides a time frame for the collection and production of records of ginseng harvesting so that a reasonable citizen of ordinary intelligence with fair notice and sufficient definition and guidance can conform their conduct to the law. The current statutory and regulatory scheme is not void for vagueness.

*Buying or Possession of Uncertified Ginseng*

{¶26} Davis further argues that R.C. 1533.882(E), Possession of Uncertified Ginseng, is unconstitutional as void for vagueness. He states that while Ohio Adm.Code 1501:31-40-02(B) provides that buying or possession of uncertified ginseng is prohibited at certain times of the year based on the dry or green condition of the ginseng, R.C. 1533.882(E) is silent as to the delineation between dry or green uncertified ginseng. It is unlawful to buy or possess Ohio dry uncertified wild or dry uncertified cultivated ginseng from April 1st through September 15th. Ohio Adm.Code 1501:31-40-02(B). It is unlawful to buy or possess green uncertified wild or green uncertified cultivated ginseng from April 1st through August 31st. *Id.* Based on the language of the statute and rule, Davis contends he did not have fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. We disagree.

{¶27} R.C. 1533.882(F) specifically references that "[e]xcept during the buying season as established by the rule adopted pursuant to section 1533.88 of the Revised Code," no person shall buy or otherwise acquire uncertified ginseng. R.C. 1533.882(F).

R.C. 1533.88 authorizes the chief of the division of wildlife to promulgate rules to carry out the purposes of sections 1533.86 to 1533.90. Ohio Adm. Code 1501:31-40-02(B) specifies the rules for buying or possessing dry or green uncertified ginseng. Based on the statutory and regulatory scheme as authorized by R.C. 1533.88, we find that a reasonable citizen of ordinary intelligence has fair notice and sufficient guidance that if he or she buys or possesses dry uncertified wild or dry uncertified cultivated ginseng from April 1st through September 15th, they are in violation of the statute and rule.

{¶28} Davis was stopped by division of wildlife officers on September 10, 2020 and determined to be in possession of dry uncertified wild ginseng. The investigatory case report included in the case record stated that upon inspection of the ginseng in Davis's possession, it was discovered that some of the ginseng was already dried. The officers cited Davis because based on the statue and rule, it is prohibited to buy or possess dry uncertified wild or dry uncertified cultivated ginseng before September 16th.

{¶29} We find the statutory and regulatory scheme is not void for vagueness as it provides fair warning to ordinary citizens that there are specific dates where it is prohibited or permissible to buy or possess dry uncertified wild or dry uncertified cultivated ginseng.

{¶30} The sole Assignment of Error raised by Davis is overruled.

**CONCLUSION**

{¶31} The judgment of the Cambridge Municipal Court is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Wise, Earle, J., concur.