The STATE of Ohio, Appellee,

v.

HORNBECK, Appellant.

[Cite as *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2003 CA 13.

Decided Dec. 19, 2003.

Jack W. Whitesell Jr., for appellee.

Edwin Dougherty, for appellant.

WOLFF, Judge.

{¶ 1} Kevin L. Hornbeck pled guilty in the Champaign County Court of Common Pleas to two counts of rape and one count of aggravated arson. He was sentenced to nine years of incarceration on each offense, with the sentences for rape to run concurrently with each other but consecutively to the sentence for aggravated arson. Hornbeck appeals from his sentence.

{¶ 2} On July 11, 2002, Hornbeck was indicted on two counts of aggravated arson, six counts of rape, and three counts of gross sexual imposition. These

charges related to sexual conduct with his girlfriend's daughter over several years when the child was between the ages of seven and ten, and to setting the girlfriend's house and garage on fire while the family was inside. On September 12, 2002, Hornbeck was indicted on one count of intimidation of a witness and two counts of intimidation of a victim or witness. These offenses were based on letters that he had written to his girlfriend and to her daughter during the pendency of these proceedings and while he was incarcerated on another offense. The letters encouraged the rape victim to recant her testimony and provided specific instructions on how to do so. Hornbeck also threatened to kill himself and told the child that his life was in her hands. Hornbeck pled not guilty on all counts.

{¶ 3} On January 24, 2003, Hornbeck entered into a plea agreement with the state. Pursuant to the agreement, Hornbeck pled guilty to one count of aggravated arson and to two counts of rape, in exchange for which the state dropped all of the other charges against him. As discussed above, the trial court sentenced Hornbeck to nine years on each offense, with the sentences for rape to run concurrently with each other but consecutively to the sentence for aggravated arson.

{¶ 4} Hornbeck raises one assignment of error on appeal:

{¶ 5} "The court failed to adequately state reasons showing analysis as required by statute when consecutive sentences are imposed."

{¶ 6} Hornbeck claims that the trial court did not sufficiently justify its imposition of consecutive sentences.

{¶ 7} R.C. 2929.14(E)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 8} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * *.

{¶ 9} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 11} R.C. 2929.19(B)(2)(c) requires the sentencing court to state its reasons for electing to impose a consecutive sentence pursuant to R.C. 2929.14. The Supreme Court has interpreted R.C. 2929.14(E) and R.C. 2929.19(B)(2) to require that the trial court enumerate its findings and give reasons supporting those findings *at the sentencing hearing*. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 21. Stating its reasons in the judgment entry is insufficient. Id. at ¶ 18.

{¶ 12} At Hornbeck's sentencing hearing, the trial court found that "any lesser sentence would be demeaning to the sentencing process," that Hornbeck possessed the greatest likelihood of committing future crimes, and that consecutive sentences were necessary to protect the public and to punish Hornbeck. The court further found that consecutive sentences were not disproportionate to the conduct involved or to the danger that Hornbeck posed to others. Finally, the court found that a single term did not adequately reflect the seriousness of Hornbeck's conduct. These findings track the statutory requirements for imposing consecutive sentences.

{¶ 13} In its judgment entry, the trial court provided the following additional reasons for imposing consecutive sentences: (1) Hornbeck had a "repeated pattern" of sexual misconduct with a minor victim; (2) he was not repentant; (3) he pressured the victim to withdraw her allegations; (4) the offenses occurred over an extended period of time; (5) the age of the victim; (6) the need to protect the victim; (7) the relationship between Hornbeck and the victim; and (8) the fact that Hornbeck was convicted of three first-degree felonies. Although it did not say so specifically, we can readily infer from the trial court's findings and reasons that it found Hornbeck to have engaged in a course of conduct causing great or unusual harm, as described in R.C. 2929.14(E)(4)(b).

{¶ 14} In his brief, Hornbeck refutes each of the reasons given by the trial court for imposing consecutive sentences. For example, in response to the court's conclusion that he was not repentant, Hornbeck states that "the Court cannot truly know whether or not [he] is repentant or remorseful." In response to the court's suggestion that the rape victim needs to be protected from Hornbeck, he contends that at the completion of a nine-year sentence, "she will be an adult and able to move away from [him] if she desires to do so." These arguments are very weak and, in our view, do not undercut the legitimacy of the reasons cited by the trial court.

{¶ 15} It is problematic, however, that the court's reasons for imposing consecutive sentences were discussed only in its judgment entry and not at the sentencing hearing. This procedure does not comport with the sentencing statutes as interpreted in *Comer*, 99 Ohio St.3d 463, 793 N.E.2d 473. The state acknowledges this problem in its brief, but it argues that Hornbeck waived the error because he has not raised it on appeal. It also contends that, if we consider the issue sua sponte, we must limit ourselves to a plain-error analysis. We agree that "plain error" is the appropriate standard of review. See *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916.

{¶ 16} Plain error is an error or defect at trial, not brought to the attention of the court, that affects a substantial right of the defendant. Crim.R. 52(B). The standard for plain error is whether, but for the error, the outcome of the proceeding *clearly* would have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id.

{¶ 17} The state contends that, because adequate reasons for the trial court's decision are stated in the judgment entry, Hornbeck suffered no prejudice from the trial court's omission, and thus there was no plain error. We agree with the state's argument. Although the trial court did not comply with *Comer*, it did set forth reasons for its sentence in the judgment entry. There is no reason to believe that a *Comer*-compliant sentencing would have resulted in a different sentence. As such, Hornbeck did not suffer prejudice rising to the level of plain error. In light of Hornbeck's failure to assign the sentencing procedure as error, we see no basis to remand for resentencing.

{¶ 18} The assignment of error is overruled.

{¶ 19} The judgment of the trial court will be affirmed.

Judgment affirmed.

FAIN, P.J., and BROGAN, J., concur.