The STATE of Ohio, Appellee,

v.

HARDIE, Appellant.

[Cite as *State v. Hardie,* 171 Ohio App.3d 429, 2007-Ohio-2755.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 06CA37.

Decided May 31, 2007.

430

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison Cauthorn, Assistant Prosecuting Attorney, for appellee.

KLINE, Judge.

{¶ 1} Robert V. Hardie Jr. appeals his resentence for R.C. 2907.02(A)(1)(b) rape in the Washington County Common Pleas Court. On appeal, Hardie contends that R.C. 2907.02(B) is unconstitutional because it requires a trial court to make one of three factual findings before imposing a prison term of life without parole. Because the statute does not require the trial court to make any factual finding and because the application of the statute here involved Hardie admitting two factual findings that allowed the court to impose the life-without-parole sentence, we find R.C. 2907.02(B) constitutional on its face and in its application. Hardie next contends that the law-of-the-case doctrine applies, even

if the Ohio Supreme Court made a mistake in sending this case back to the trial court for resentencing, because R.C. 2907.02(B) is the only statute that he argued was unconstitutional in his jurisdictional memorandum to the Ohio Supreme Court. Because the court in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, did not address the constitutionality of R.C. 2907.02(B), and because its application would cause an unjust result, we disagree. Accordingly, we overrule Hardie's sole assignment of error and affirm the judgment of the trial court.

## I

{¶ 2} As part of a plea bargain, Hardie pleaded guilty to rape as charged in Count 4 of the indictment. The indictment stated that Hardie "did engage in sexual conduct (penile penetration of vagina) with another, who is not the spouse of the offender, and the other person is less than ten years of age (01/12/02), whether or not the offender knows the age of the other person, and the offender purposely compelled the victim to submit by force or threat of force, and during the commission of the offense, the offender caused serious physical harm to the victim, an unscheduled felony, in violation of [R.C. 2907.02(A)(1)(b).]"

{¶ 3} Originally, the trial court considered the sentencing guidelines in Ohio Revised Code Chapter 2929, e.g., including a nonminimum sentence under R.C. 2929.14(B), and sentenced him to life without parole as authorized by R.C. 2907.02(B). Hardie appealed his sentence and we affirmed. See *State v. Hardie,* Washington App. No. 04CA24, 2004-Ohio-7277, 2004 WL 3090247 (*"Hardie I"*). The Ohio Supreme Court, in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, found R.C. 2929.14(B) and (C), 2929.19(B)(2), 2929.14(E)(4), 2929.41(A), and 2929.14(D)(2)(b) and (D)(3)(b) unconstitutional because the statutes required judicial fact-finding beyond facts found by a jury or admitted by a defendant before imposition of certain sentences, e.g., nonminimum sentences under R.C. 2929.14(B). Based on its decision in *Foster,* the court reversed numerous cases on appeal, including *Hardie I,* for resentencing.

{¶ 4} The trial court resentenced Hardie to life in prison without parole as authorized by R.C. 2907.02(B).

{¶ 5} Hardie again appeals and asserts one assignment of error: "The trial court erred by imposing a sentence greater than ten years in prison."

## II

{¶ 6} Hardie contends in his sole assignment of error that R.C. 2907.02(B) is unconstitutional because it requires a trial court to make certain factual findings before imposing a sentence on the offender. He claims that this statute (and

therefore his sentence) violates *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and *Foster*. He maintains that this court should excise substantial sections of the statute, thereby leaving him subject to only a ten-year-maximum sentence.

{¶ 7} We review issues involving the constitutionality of a statute on a de novo basis. See, e.g., *Ireland v. S. Ohio Corr. Facility*, Scioto App. No. 04CA2982, 2006-Ohio-3519, 2006 WL 1875473, ¶ 5.

{¶ 8} R.C. 2907.02(B) states, "Whoever violates this section is guilty of rape, a felony of the first degree. * * * If an offender under division (A)(1)(b) of this section previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of this section or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of this section, if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, or if the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole."

{¶ 9} The *Foster* court found R.C. 2929.14(B) and (C), 2929.19(B)(2), 2929.14(E)(4), 2929.41(A), and 2929.14(D)(2)(b) and (D)(3)(b) unconstitutional because the statutes required judicial fact-finding beyond facts found by a jury or admitted by a defendant before imposition of certain sentences, e.g., nonminimum sentences under R.C. 2929.14(B). *Foster* followed the holding in *Blakely*.

█ {¶ 10} Here, Hardie's argument that R.C. 2907.02(B) requires judicial fact-finding, like the statutes that *Foster* found unconstitutional, fails. First, in reading the statute, nowhere does it require judicial fact-finding. Thus, R.C. 2907.02(B) is constitutional on its face.

█ {¶ 11} In addition, R.C. 2907.02(B), as applied in this case, is constitutional. Hardie entered a guilty plea to rape as charged in Count 4 of the indictment. "Under Crim.R. 11(B)(1), '[t]he plea of guilty is a complete admission of the defendant's guilt.' Accord *State v. Wilson* (1979), 58 Ohio St.2d 52, 12 O.O.3d 51, 388 N.E.2d 745, paragraph one of the syllabus ('a counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case * * * ')." *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 92. Therefore, Hardie admitted that he violated R.C. 2907.02(A)(1)(b), that the victim was less than ten years of age, and that during the commission of the rape, he caused serious physical harm to the victim. *Blakely* and *Foster* do not apply when a defendant admits the factors that enhances the penalty. Consequently, because R.C. 2907.02(B) is constitutional on its face and in its application in this

case, the trial court did not err when it sentenced Hardie to prison for life without parole.

{¶ 12} Hardie contends that the law-of-the-case doctrine applies. He asserts that the Ohio Supreme Court vacated his sentence because of his arguments in his jurisdictional memorandum to the court. He maintains that his memorandum indicated "that the trial court used the factors in R.C. 2907.02(B) to increase his sentence to life without parole."

{¶ 13} We undertake a de novo review to answer this legal question. See, e.g., *State v. Clagg*, Washington App. No. 06CA44, 2007-Ohio-1661, 2007 WL 1052803, ¶ 15.

{¶ 14} The Ohio Supreme Court discussed the law-of-the-case doctrine in *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410: "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.)

{¶ 15} Here, neither the Ohio Supreme Court's nor this court's decision involved a finding that R.C. 2907.02(B) was unconstitutional. Instead, the Ohio Supreme Court found certain R.C. Chapter 2929 statutes unconstitutional, including R.C. 2929.14(B), which the trial court applied when it sentenced Hardie the first time. The *Foster* court gave an instruction, "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony-sentencing code must protect Sixth Amendment principles as they have been articulated." *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 104. Therefore, because the *Foster* opinion did not involve R.C. 2907.02(B), the law-of-the-case doctrine does not apply to its constitutionality. Consequently, the trial court did not err when it used the admitted factors in R.C. 2907.02(B) to increase Hardie's sentence to life without parole.

{¶ 16} Accordingly, we overrule Hardie's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

HARSHA, J., concurs.

McFARLAND, P.J., concurs in judgment only.