[Cite as *State v. Woofter*, 2020-Ohio-738.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2019-P-0066<br>2019-P-0067<br>2019-P-0068 |
| BRIAN K. WOOFTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2015 CR 00552, 2017 CR 00907 and 2017 CR 01111.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Lucas M. Blower*, Brouse McDowell, 388 South Main Street, Suite 500, Akron, OH 44311 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Brian K. Woofter, appeals the sentences imposed for violations of his community control sanctions in the underlying cases.  For the following reasons, we affirm the decision of the court below.

{¶2}  In Portage County C.P. Case No. 2015 CR 00552, Woofter pled guilty to fifth-degree felony Theft.  In Portage County C.P. Case No. 2017 CR 00907, he pled guilty to six counts of fifth-degree Receiving Stolen Property.  In Portage County C.P. Case No. 2017 CR 01111, he pled guilty to fifth-degree Receiving Stolen Property.  In

each case, Woofter was sentenced to a combination of community control sanctions.

{¶3} On May 14, 2018, the Adult Probation Department filed a Motion to Revoke/Modify Probation in all three cases based on the following violations:

1. Probationer failed to refrain from using illicit substances, to wit: Cocaine.

2. Probationer was unsuccessfully discharged from CBI-SA.

{¶4} On June 20, 2018, the trial court found "the Motion to Modify Sanctions is well taken and local community control is no longer sufficient." The court noted: "This is not a technical violation therefore a more restrictive sanction is necessary." The court imposed the following sentences: in Case No. 2015 CR 00552 twelve months to be served concurrently with the sentences in Case Nos. 2017 CR 00907 and 2017 CR 01111; in Case No. 2017 CR 00907, twelve months in prison for each of the six counts with five of the sentences being served consecutively and the sixth being served concurrently to the other sentences imposed; in Case No. 2017 CR 01111, the court imposed a sentence of twelve months to be served concurrently with the sentences in Case Nos. 2015 CR 00552 and 2017 CR 00907.

{¶5} Woofter appealed the imposition of consecutive sentences.

{¶6} This court reversed in part on the grounds that "the trial court failed to make the requisite findings to impose consecutive sentences both at the sentencing hearing and in its sentencing entry." *State v. Woofter*, 11th Dist. Portage Nos. 2018-P-0050, 2018-P-0051, and 2018-P-0052, 2019-Ohio-1166, ¶ 15. We held "Woofter's sentence in Portage County C.P. Case No. 2017 CR 00907 (Appellate No. 2018-P-0051) only is vacated and this matter is remanded for further proceedings consistent with this opinion." *Id.* at ¶ 22.

2

{¶7} On May 1, 2019, a resentencing hearing was held. Counsel for Woofter argued that the violations were technical and therefore, pursuant to R.C. 2929.15(B)(1)(c)(i), the trial court could only impose 90-day sentences for each count. Counsel also asked the court to sentence Woofter to an aggregate two-year sentence based largely on his positive behavior while incarcerated.

{¶8} The trial court re-imposed the aggregate five-year sentence previously imposed. The court explained its decision as follows:

> Mr. Woofter, you and I have been down this road for a number of years now. And I think you know from having been in this court how I, as well as probation, are willing to work with offenders who have addiction issues. And the first case, obviously, I had with you is this 2015 CR 552 case that I -- even at that time, because you had such a significant prior criminal history, you'd been to prison four times at that point. I still found that you were amenable to community control sanctions and made the decision to give you the opportunity on community control and on probation, even though, quite frankly, at that point I could have said, because of your history, I'm going to send you to prison. The presumption has been overcome. But I didn't. Because I did see in you, at least at that point, a desire to change your life. And I give you credit for the time that you were able to stay out of trouble and crime free. But in 2017, these two cases that -- again, your addiction didn't only affect you and your immediate family, it affected other people. It affected innocent people who truly felt victimized and fearful that you would continue to victimize and steal from them.
>
> I don't see this as just you being sent to prison because of one dirty screen. Yes, that was ultimately the probation violation that this Court used to violate you and terminate your community control, but your own history, your prior convictions, the fact that you've been to prison previously, even though these were technically lower level felonies, F4s and 5s, all of that together is why I decided to impose the sentence that I did and give you reduction on that original sentence where I started off with seven years and thought to give you an opportunity to do some productive work in prison and be released sooner than seven years. So that's why I gave you the five years, 12 months consecutive on those counts in Case Number 17 CR 907 to run concurrently with the other cases. I specifically found that this was not a technical

violation, and I am still saying it's not a technical violation, because while you were on probation in 15 CR 552 you committed the new offenses. So it's not a technical violation. Your Motion to Revoke was a compilation of, quite frankly, the history that you had in this court of violating the terms and conditions of your community control by committing new offenses.

{¶9} On May 2, 2019, Woofter's sentences were memorialized in a written Judgment Entry.

{¶10} On June 3, 2019, Woofter filed a Notice of Appeal. On appeal, Woofter raises the following assignment of error:

{¶11} "[1.] The Trial Court incorrectly imposed five consecutive one-year prison terms–five years total–on Brian Woofter for his violation of community control conditions by relapsing into his addiction."

{¶12} Woofter raises two arguments. The first is that, since "Mr. Woofter's violation of his community control condition was for using cocaine, he should have been subject to a 90-day cap on his prison sentence, consistent with the purposes of H.B. 49." Appellant's brief at 6; *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937, ¶ 30 (8th Dist.) ("[t]estimony before the House Finance Committee established that the purpose of the H.B. 49 amendments with respect to criminal sentencing was to reduce the amount of low-level felony offenders in state prisons").

{¶13} The amendments in question placed restrictions on the prison term that could be imposed for violating a community control sanction:

> If the conditions of a community control sanction are violated * * *, the sentencing court may impose upon the violator * * * [a] prison term * * *, provided that * * *[,] [i]f the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not

4

a felony, the prison term shall not exceed ninety days.

R.C. 2929.15(B)(1)(c)(i).

{¶14} Whether the 90-day limit applies to Woofter's sentences turns on whether his use/possession of cocaine constituted a "technical violation" of the conditions of his community control sanction. The term "technical violation" is not defined in the statute. As the issue involves the proper interpretation of statutory language, the standard of review is de novo. *Hoyle v. DTJ Ents., Inc.*, 143 Ohio St.3d 197, 2015-Ohio-843, 36 N.E.3d 122, ¶ 21.

{¶15} As an initial matter, the State argues that Woofter is barred from raising this argument by res judicata inasmuch as "whether his violation was a 'technical violation' under R.C. 2929.1[5](B)(1) was an issue that could have been raised in the prior appeal." Appellee's brief at 5; *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 7. We decline to apply the doctrine in the present appeal since Woofter's sentences in Portage C.P. Case No. 2017 CR 00907 had been vacated and the trial court held a new sentencing hearing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30 ("[t]he doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence").

{¶16} This court and other appellate districts have considered the issue of what constitutes a "technical violation." While a precise definition has not been settled upon, the question has often turned on whether the conduct constituting the violation was "criminal in nature." *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 39 (11th Dist.) ("overdosing on drugs is criminal in nature and cannot be considered a 'technical'

5

violation of the terms and conditions of community control"); *State v. Cantrell*, 3d Dist. Marion Nos. 9-19-14, 9-19-15, and 9-19-16, 2019-Ohio-4718, ¶ 23 ("several Appellate Districts have examined the term 'technical violation' under R.C. 2929.16(B)(1)(c) in the context of a defendant arguing that the violation was 'non-criminal' in nature and therefore the sentencing limitations applied"); *but see State v. Kernall*, 2019-Ohio-3070, 132 N.E.2d 758, ¶ 18 (1st Dist.) ("[a]n offender's significant failure to comply with any substantive rehabilitative requirement which was specifically-tailored to the offender's underlying conduct is not a technical violation for purposes of R.C. 2929.15(B)(1)(c)").

{¶17} In the present case, Woofter's cocaine use constituted felony criminal conduct. R.C. 2925.11(C)(4)(a) ("possession of cocaine is a felony of the fifth degree"). Woofter has not cited any authority under which his conduct would be considered merely a technical violation. We find no error in the trial court's ruling that it was not technical.

{¶18} Woofter further argues that the aggregate five-year sentence is disproportionate to his conduct in the underlying cases which involved a total financial impact of $1,574.32 for which he has made restitution as required by the conditions of community control: "Given the relatively small amount at stake, as well as Mr. Woofter's efforts at making restitution, the record clearly and convincingly does *not* support the trial court's finding that a consecutive prison sentence was proportionate to Mr. Woofter's conduct." Appellant's brief at 8-9.

{¶19} "In order to impose consecutive prison terms for convictions of multiple offenses," inter alia, "the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the

6

offender poses to the public." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252, citing R.C. 2929.14(C)(4).

{¶20} In an appeal of a felony sentence, "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division * * * (C)(4) of section 2929.14.'" *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶21} We do not find by clear and convincing evidence that the record does not support the trial court's decision to impose consecutive sentences. *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (observing that R.C. 2953.08(G)(2)'s "deferential standard" is "written in the negative"). While, arguably, the economic harm caused by Woofter and his expressed remorse and/or efforts at restitution might not support the imposition of consecutive sentences, the trial court did not base the sentence on these considerations. The court was clear that it gauged the seriousness of Woofter's conduct in light of his criminal history, his failure to respond favorably to prior prison sentences as well as community control sanctions, and the fact that he has continued to commit new offenses while on probation and/or under community control sanctions. We cannot reverse the imposition of consecutive sentences merely because

7

certain aspects of the case support the imposition of concurrent sentences.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, Woofter's sentences are affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.