[Cite as *State v. Freeman*, 2022-Ohio-1991.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 1-21-17

      v.

JUAN E. FREEMAN, II,             O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 1-21-18

      v.

JUAN E. FREEMAN, II,             O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR2020 0159 and CR2020 0160**

**Judgments Affirmed**

**Date of Decision: June 13, 2022**

APPEARANCES:

      *Chima R. Ekeh* for Appellant

      *Jana E. Emerick* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Juan E. Freeman, II, appeals the April 27, 2021 judgments of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Background

{¶2} At approximately 8:00 p.m. on January 14, 2020, Freeman, who was 17 years old at the time, robbed Hermie's Party Shop in Lima. A short time later, Freeman robbed a nearby Little Caesars Pizza shop. Freeman used a firearm during both robberies.

{¶3} On July 16, 2020, after having been bound over from the Allen County Juvenile Court, Freeman was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, in case number CR2020 0159, and two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies, in case number CR2020 0160. Each of the three counts of aggravated robbery was accompanied by a three-year firearm specification pursuant to R.C. 2941.145(A). On July 27, 2020, Freeman appeared for arraignment and pleaded not guilty to the counts and specifications of the two indictments.

{¶4} The cases proceeded to a bench trial on April 26, 2021, at the conclusion of which the trial court found Freeman guilty of all the counts and specifications set forth in the two indictments. The trial court then proceeded immediately to sentence Freeman to an aggregate term of 28-32 years in prison.

## II. Assignments of Error

{¶5} On May 13, 2021, Freeman timely filed notices of appeal. He raises the following three assignments of error for our review:

> **1.   Freeman's indefinite sentence pursuant to R.C. 2967.271 (the Reagan Tokes Law) violates the right to a jury trial as protected by the Sixth Amendment of the United States Constitution and Article I, Section 5 of the Ohio Constitution.**
>
> **2.   R.C. 2967.271 (the Reagan Tokes Law) unconstitutionally violates the separation of powers doctrine of the United States and Ohio Constitution.**
>
> **3.   R.C. 2967.271 (the Reagan Tokes Law) violates the right to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 16, of the Ohio Constitution.**

As they concern related issues, we address Freeman's assignments of error together.

## III. Discussion

{¶6} In his three assignments of error, Freeman argues that his sentence is contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law are unconstitutional. He claims that these provisions violate his right to a jury trial, his right to due process, and the separation of powers doctrine.

### A.   Standard of Review for Felony Sentences

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,

¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**B.     Freeman's sentence is not contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law do not violate the separation of powers doctrine, his right to due process, or his right to a jury trial.**

{¶8} Freeman argues that his sentence is contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law,[1] under which he was sentenced, run afoul of the separation of powers doctrine, infringe on his right to due process, and deprive him of his right to a jury trial. At the outset, we note that Freeman failed to object to the constitutionality of the Reagan Tokes Law in the trial court. "The '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "However, we retain the discretion to consider a waived constitutional argument under a plain-error analysis." *Id.* at ¶ 8. "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the

---

[1] Because we have thoroughly explained these provisions in previous opinions, we need not do so here. *See, e.g.*, *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 9; *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 11-16.

proceeding clearly would have been otherwise." *Id.* In this case, we elect to exercise our discretion to review Freeman's constitutional arguments for plain error. *See id.* at ¶ 8, 15 (reviewing "waived" challenge to the constitutionality of the Reagan Tokes Law for plain error).

{¶9} Freeman's challenges do not present a matter of first impression in this court. Since the indefinite-sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite-sentencing provisions of the Reagan Tokes Law do not facially violate the separation of powers doctrine or infringe on defendants' due process rights. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21.

{¶10} In this case, Freeman asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Abston*, 3d Dist. Henry No. 7-21-04, 2022-Ohio-884, ¶ 33; *Wolfe* at ¶ 22; *Barnhart* at ¶ 12-15; *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Freeman has not presented us with any compelling reason to depart from our earlier precedent on facial challenges to the

indefinite-sentencing provisions of the Reagan Tokes Law, we once again decline to do so.

**{¶11}** Freeman also challenges the indefinite-sentencing provisions of the Reagan Tokes Law as applied to him, contending that they violate his constitutional right to a trial by jury. In the past, we have held that certain as-applied challenges to these provisions were not ripe for review. *See*, *e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently decided *State v. Maddox*, ___ Ohio St.3d ___, 2022-Ohio-764, and determined that constitutional challenges to the indefinite-sentencing provisions of the Reagan Tokes Law are ripe for review. Based on the holding in *Maddox*, we will address Freeman's argument that the indefinite-sentencing provisions of the Reagan Tokes Law violate his right to a jury trial.

**{¶12}** In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Freeman's burden to demonstrate that the statute at issue is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 1996-Ohio-264. Freeman has presented no compelling authority undermining the constitutionality of the indefinite-sentencing provisions of the Reagan Tokes Law.

**{¶13}** Notwithstanding this point, numerous Ohio courts of appeals have already rejected challenges similar to Freeman's. *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 18; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 25; *State v. Delvallie*, 8th Dist. Cuyahoga No.

109315, 2022-Ohio-470, ¶ 46 (en banc). We agree with the reasoning expressed by these courts and determine that Freeman's "as-applied" challenge regarding the jury trial issue is unavailing.

{¶14} In sum, we conclude that the indefiniteness of Freeman's sentence does not render his sentence contrary to law. Therefore, Freeman's first, second, and third assignments of error are overruled.

### IV. Conclusion

{¶15} For the foregoing reasons, Freeman's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Allen County Court of Common Pleas.

*Judgments Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**