[Cite as *State v. Morrissey*, 2022-Ohio-3519.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

        PLAINTIFF-APPELLEE,

        v.

JOHN JOSEPH MORRISSEY, III,

        DEFENDANT-APPELLANT.

CASE NO. 6-22-06

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 2021 2005

Judgment Affirmed

Date of Decision:  October 3, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *McKenzie J. Klinger* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant John J. Morrissey, III ("Morrissey") appeals the judgment of the Hardin County Court of Common Pleas, arguing that his two convictions for aggravated robbery should have merged at sentencing; that the Reagan Tokes Law is unconstitutional; and that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 14, 2021, Morrissey was indicted on seven counts. Doc. 1. These charges included two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree, and two counts of kidnapping in violation of R.C. 2905.01(A)(2), felonies of the second degree. Doc. 1. The charges arose from an incident on December 20, 2020 in which Morrissey went into a gas station in Hardin County; pointed a gun at two employees; ordered them to give him the money in the cash register; and fled the scene after obtaining approximately $150.00. Doc. 47.

{¶3} After a three-day trial, a jury found Morrissey guilty of all seven charges on March 19, 2021. Doc. 58-64, 66. At a sentencing hearing on March 31, 2021, the trial court imposed sentences for both of the counts of aggravated robbery and for both of the counts of kidnapping. Doc. 69. The trial court did not merge

any of these four convictions at sentencing.  Doc. 69.  The trial court then issued its judgment entry of sentencing on April 2, 2021.  Doc. 69.

**{¶4}** On April 12, 2021, Morrissey filed a notice of appeal that became the basis of Appellate Case No. 6-21-02.  Doc. 72.  *State v. Morrissey*, 3d Dist. Hardin No. 6-21-02, 2021-Ohio-4471, ¶ 6.  In this prior appeal, Morrissey "argue[d] that the trial court should have merged his Aggravated Robbery convictions (under Counts One and Three) with his Kidnapping convictions (under Counts Two and Four) pursuant to R.C. 2941.25 * * *."  *Id*. at ¶ 29.  After considering his arguments, this Court reached the following conclusion:

> **the Aggravated Robbery and Kidnapping offenses of which Morrissey was convicted were allied offenses of similar import. Consequently, the trial court erred by not merging Counts One and Two (involving Arnold) and Counts Three and Four (involving Johnson) for purposes of sentencing.**

*Id*. at ¶ 38.[1]   This case was then reversed on the issue of merger and remanded to the trial court for further proceedings.  *Id*. at ¶ 39.

**{¶5}** On March 31, 2022, the trial court held a resentencing hearing.  Doc. 106.  The trial judge began this hearing by stating, "the Court of Appeals of the Third District * * * believes that Counts One and Two are allied and Counts Three and Four are allied."  Tr. 3.  The State elected to proceed on the two counts of aggravated robbery.  Tr. 5.  Pursuant to the Reagan Tokes Law, the trial court

---

[1] "Johnson" and "Arnold" were the two gas station employees in this case and, therefore, the two alleged victims of Morrissey's offenses.  *See Morrissey, supra*, at ¶ 36.

imposed an indefinite sentence of eleven years to sixteen years and six months for Morrissey's conviction for the first count of aggravated robbery and a prison term of eleven years for the other count of aggravated robbery. Tr. 22-23. Doc. 106. The trial court then issued its judgment entry of sentencing on April 8, 2022. Doc. 106.

{¶6} Morrissey filed his notice of appeal on April 25, 2022. Doc. 108. On appeal, he raises the following assignments of error:

**First Assignment of Error**

**Where a singular act constitutes a crime of aggravated robbery, despite the fact that more than one person was the subject of the robbery, a conviction for multiple counts of robbery must merge into a singular count of aggravated robbery as being allied offenses.**

**Second Assignment of Error**

**Although counsel for defense failed to argue at sentencing that the Reagan Tokes Act is unconstitutional, the issue can be pursued on appeal as the issue constitutes plain error as the Reagan Tokes Law is unconstitutional.**

**Third Assignment of Error**

**The failure of defense counsel to raise to the trial court the unconstitutionality of the Reagan Tokes Act, constitutes ineffective assistance of counsel.**

*First Assignment of Error*

{¶7} Morrissey argues that his two convictions for aggravated robbery should have merged at sentencing.

Legal Standard

**{¶8}** The doctrine of the law of the case "stems from [the doctrine of] res judicata." *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 51, citing *State v. Evans*, 9th Dist. Medina No. 10CA0127-M, 2011-Ohio-4992, ¶ 12.

> **[U]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment.**

(Emphasis removed.) *State v. Rognon*, 3d Dist. Logan No. 8-21-24, 2021-Ohio-4564, ¶ 15, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Thus, "[r]es judicata * * * generally deal[s] with preclusion *after* judgment: res judicata precludes a party from asserting a claim that was litigated in a prior action * * *." (Emphasis added.) *State v. Smith*, 3d Dist. Marion No. 9-11-36, 2012-Ohio-1891, ¶ 26, quoting *People v. Evans*, 94 N.Y.2d 499, 502, 706 N.Y.S.2d 678, 680, 727 N.E.2d 1232, 1234 (2000).

**{¶9}** The "law of the case has been aptly characterized as 'a kind of intra-action res judicata[.]" *Smith* at ¶ 26, quoting *Evans*, 94 N.Y.2d at 502.

> **"The doctrine of the 'law of the case' provides that a 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. 'The doctrine functions to compel trial judges to follow the mandates of reviewing courts.' *Id*. When, at a rehearing after remand, a judge 'is confronted with substantially the same facts and issues as were involved in the**

> **prior appeal, the [judge] is bound to adhere to the appellate court's determination of the applicable law.'** *Id.* **'Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.'** *Id.* **at syllabus.** *A judge is without authority to extend or vary the mandate given.* *Id.* **at 4, 462 N.E.2d 410.**

(Emphasis sic.)  *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 82894, 2003-Ohio-7071, ¶ 18.  For this reason, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *State v. Ibrahim*, 10th Dist. Franklin No. 17AP-557, 2020-Ohio-3425, ¶ 37, quoting *Nolan* at 4.

> **The law-of-the-case doctrine is 'a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.'** *Nolan* **at 3, 11 OBR at 3, 462 N.E.2d at 413.  With respect to appellate courts on successive appeals, the doctrine is 'not a limitation on the courts' power,' but merely a rule of practice.  Annotation (1963), 87 A.L.R.2d 271, 282 * * *.**

*State v. Wallace*, 121 Ohio App.3d 494, 499, 700 N.E.2d 367, 370 (10th Dist. 1997).

> **[T]h[is] rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.**

*State v. Hardie*, 171 Ohio App.3d 429, 2007-Ohio-2755, 870 N.E.2d 1231, ¶ 14 (4th Dist.), quoting *Nolan* at 3.  Accordingly, "[a]n appellate court may choose to re-examine the law of the case it has itself previously created if that is the only means to avoid injustice." *State v. Gwynne*, 2021-Ohio-2378, 173 N.E.3d 603, ¶ 20 (5th Dist.).  However, "[b]ased on these principles, courts have barred defendants from raising allied offenses of similar import issues in subsequent appeals after having

raised them in previous appeals." *Snyder, supra*, at ¶ 51, citing *State v. Cottrill*, 4th Dist. Pickaway No. 11CA12, 2012-Ohio-1021, ¶ 11.

Legal Analysis

**{¶10}** In his prior appeal, this Court heard Morrissey's arguments on the issue of merger and came to the following conclusion: "the trial court erred by not merging Counts One and Two (involving Arnold) and Counts Three and Four (involving Johnson) for purposes of sentencing." *Morrissey, supra*, at ¶ 38. Thus, our prior opinion instructed the trial court to merge Count One and Count Two into one conviction for sentencing and to merge Count Three and Count Four into one conviction for sentencing. On remand, the trial court precisely followed these instructions. Tr. 3-5. Doc. 106.

**{¶11}** However, on appeal, Morrissey argues that the trial court erred by failing to merge Counts One, Two, Three, and Four into one conviction for sentencing. Thus, Morrissey essentially argues that the trial court erred by following the instructions of this Court in our prior opinion. Pursuant to the doctrine of the law of the case, the trial court was not free to disregard the instructions of this Court. *See Nolan, supra*, at 4 (A "trial court is without authority to extend or vary the mandate given."). Accordingly, Morrissey's argument does not demonstrate that the trial court erred at resentencing. Further, since the issue of merger was raised and decided by this Court in Morrissey's prior appeal, we apply the doctrine of the law of the case to the arguments in this assignment of error and decline to

revisit our prior opinion. For this reason, Morrissey's first assignment of error is overruled.

*Second Assignment of Error*

**{¶12}** Morrissey raises several arguments that challenge the constitutionality of the Reagan Tokes Law. He admits that his arguments were not raised before the trial court and are, therefore, subject to a plain error standard of review. However, as a threshold matter, we must first address the State's argument that these challenges to the Reagan Tokes Law are barred by res judicata.

Res Judicata Standard

**{¶13}** "Res judicata generally bars a criminal defendant from litigating claims after direct appeal if the issue was raised or could have been raised before the trial court or on a direct appeal from the trial court's judgment." *State v. Bryant*, 2020-Ohio-363, 151 N.E.3d 1096, ¶ 15 (10th Dist.). However,

> **the proper remedy for an allied-offenses sentencing error \* \* \* [is] for the appellate court to 'reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant[.]'**

*State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 12, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12.

> **Since the remedy for an allied-offenses sentencing error requires that the state exercise its discretion [on remand by electing the charge on which to proceed], \* \* \* a reviewing court may not unilaterally correct the error by modifying the sentence.**

*Id*. at ¶ 13. "[T]he appellate court's remand requires the trial court to conduct a new sentencing hearing." *Id*. Thus, "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing." *Id.* at ¶ 15. At this resentencing hearing,

> **only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.**

*Id*., citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus.

{¶14} After the trial court has imposed a new sentence on remand, "[t]he doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence." *Id*. at ¶ 30. Further, "[a] defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, *even if similar issues arose and were not objected to at the original sentencing hearing*." (Emphasis added.) *Id*. at paragraph two of the syllabus. *See also State v. Ruff*, 1st Dist. Hamilton Nos. C-160385, C-160386, 2017-Ohio-1430, ¶ 12-13; *State v. Woofter*, 11th Dist. Portage No. 2019-P-0066, 2019-P-0067, 2019-P-0068, 2020-Ohio-738, ¶ 15. However, "[t]he scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *Wilson* at ¶ 30.

Res Judicata Analysis

**{¶15}** In Morrissey's prior appeal, this Court reversed the trial court on the issue of merger and remanded this case for resentencing. *Morrissey, supra*, at ¶ 38. At the resentencing hearing, the trial court applied the doctrine of merger in accordance with our prior opinion. Tr. 3-5. The State then elected to proceed on the two counts of aggravated robbery that remained after merger. Tr. 5. Pursuant to the Reagan Tokes Law, the trial court then imposed an indefinite sentence for one of the two remaining aggravated robbery charges. Doc. 106.

**{¶16}** On appeal from resentencing, Morrissey's arguments about the Reagan Tokes Law are challenging a sentence that was imposed at his resentencing hearing for a conviction that was reversed and vacated in his prior appeal. He is not challenging a sentence for a conviction or offense that was not reversed and vacated in his prior appeal. Thus, Morrissey is raising challenges based upon the issues that arose at his resentencing hearing. It is of no consequence that "similar issues arose and were not objected to at the original sentencing hearing." *Wilson, supra*, at second paragraph of the syllabus. For this reason, Morrissey is not barred from raising these arguments on appeal from his resentencing hearing. Accordingly, we will proceed to examine his arguments regarding the Reagan Tokes Law.

Plain Error Legal Standard

**{¶17}** Under the Ohio Rules of Criminal Procedure, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'"** *State v. Bowsher*, **3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting** *State v. Barnes*, **94 Ohio St.3d 21, 27, [2002-Ohio-68,] 759 N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.'** *State v. Hornbeck*, **155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing** *State v. Long*, **53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'"** *State v. Davis*, **3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting** *Long, supra*, **at paragraph three of the syllabus.**

*State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 42, quoting *State v. Taflinger,* 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

Plain Error Legal Analysis

**{¶18}** Morrissey admits that his counsel did not challenge the Reagan Tokes Law before the trial court. Appellant's Brief, 13. Thus, we review for plain error only. On appeal, Morrissey raises three arguments to challenge the constitutionality

of the Reagan Tokes Law. First, he asserts that the Reagan Tokes Law violates his right to trial by jury. However, in *State v. Ball*, this Court upheld the constitutionality of the Reagan Tokes Law against this exact same challenge. *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, ¶ 63. *See also State v. Freeman*, 3d Dist. Allen Nos. 1-21-17, 1-21-18, 2022-Ohio-1991, ¶ 13; *State v. Davis*, 3d Dist. Auglaize No. 2-21-10, 2022-Ohio-1900, ¶ 11-13. At this juncture, we decline to revisit our prior precedent and herein apply our holding in *Ball* to the case before us. *See also State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 24-25; *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 13-20. Thus, this challenge is without merit.

**{¶19}** Second, Morrissey argues that the Reagan Tokes Law is void for vagueness because the text of the provision does not state what infractions may serve as a basis for keeping an offender beyond his or her presumptive release date. "The vagueness doctrine, which is premised on due process concerns, requires that statutes give 'fair notice of offending conduct.'" *State v. Kinstle*, 2012-Ohio-5952, 985 N.E.2d 184, ¶ 20 (3d Dist.), quoting *State v. Lewis*, 131 Ohio App.3d 229, 235, 722 N.E.2d 147 (3d Dist. 1999).

> **The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable the person to conform their conduct to the law.**

*State v. Davis*, 2021-Ohio-3093, 177 N.E.3d 320, ¶ 17 (5th Dist.). In this analysis, "legislative enactments must be afforded a strong presumption of constitutionality." *State v. Collier*, 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991). The party challenging the constitutionality of a law bears the burden of establishing its unconstitutionality. *State v. Thompkins*, 75 Ohio St.3d 558, 560, 1996-Ohio-264, 664 N.E.2d 926 (1996).

**{¶20}** The Reagan Tokes Law states the factors that are to be considered in determining whether to keep an inmate beyond his or her presumptive release date. R.C. 2967.271(C)(1). These factors include consideration of whether the inmate has committed certain "institutional rule infractions." R.C. 2967.271(C)(1)(a). The institutional rule infractions refer to the inmate rules of conduct that are set forth in Ohio Adm. Code 5120-9-06. *State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513, ¶ 15, quoting *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728, ¶ 21 (8th Dist.). *See also* Ohio Adm. Code 5120-9-08(M)(3).

**{¶21}** We agree with the other courts that have held the institutional rules set forth in the administrative code are sufficient to provide inmates with "adequate notice of the conduct that will lead to rule infractions * * *." *Compton* at ¶ 15, quoting *Simmons* at ¶ 21 (considering whether inmates have adequate notice of what conduct may lead to being kept beyond a presumptive release date but in the context of a procedural due process challenge to the Reagan Tokes Law). These inmate rules of conduct do not need to be replicated verbatim in the text of the Reagan

-13-

Tokes Law for inmates to be aware of the conduct that may lead to being kept beyond a presumptive release date. Thus, Morrissey has not, with this argument, demonstrated that the Reagan Tokes Law is void for vagueness and has not, therefore, overcome the strong presumption of constitutionality that is afforded to legislative enactments. *See also State v. Williams*, 6th Dist. Lucas No. L-21-1152, 2022-Ohio-2812, ¶ 27; *State v. Rose*, 12th Dist. Butler No. CA2021-06-062, 2022-Ohio-2454, ¶ 38-39. This challenge is without merit.

{¶22} Third, Morrissey argues that the text of the Reagan Tokes Law does not contain adequate due process protections. However, this Court considered this issue in *State v. Hacker* and found that the Reagan Tokes Law was not unconstitutional on due process grounds. *Hacker, supra*, at ¶ 18-23. Again, we decline to revisit our prior precedent and herein apply our holding in *Hacker* to the case before us. *Id. See also State v. Jinks*, 2d Dist. Montgomery No. 29155, 2022-Ohio-282, ¶ 19; *State v. Ratliff*, 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372, ¶ 51; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17 (12th Dist.). Thus, this challenge is without merit.

{¶23} In each of these three arguments, Morrissey has failed to establish the existence of an error in the proceedings before the trial court without which "the outcome of the proceeding clearly would have been otherwise." *Eitzman*, *supra*, at ¶ 42, quoting *Hornbeck*, *supra*, at ¶ 16. Thus, Morrissey has not carried the burden

of establishing plain error in any of his three challenges to the constitutionality of the Reagan Tokes Law. Accordingly, his second assignment of error is overruled.

*Third Assignment of Error*

{¶24} Morrissey argues that his trial counsel was ineffective for failing to challenge the constitutionality of the Reagan Tokes Law.

Legal Standard

{¶25} "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Harvey*, 3d Dist. Marion No. 9-19-34, 2020-Ohio-329, ¶ 57, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). "For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel." *State v. Cartlidge*, 3d Dist. Seneca No. 13-19-44, 2020-Ohio-3615, ¶ 39. "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶26} In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting

*Strickland* at 687. "[D]ebatable trial tactics do not establish ineffective assistance of counsel." *State v. Queen*, 3d Dist. Logan No. 8-19-41, 2020-Ohio-618, ¶ 14, quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101.

**{¶27}** "In order to establish prejudice, 'the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 122, quoting *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.). If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

Legal Analysis

**{¶28}** Under the second assignment of error, Morrissey raised three arguments that challenged the constitutionality of the Reagan Tokes Law. He now argues that his counsel was ineffective for failing to raise these arguments before the trial court. However, after evaluating these three arguments in the above analysis, we determined that he had failed to establish the existence of an error without which "the outcome of the proceeding clearly would have been otherwise." *Eitzman*, *supra*, at ¶ 42, quoting *Hornbeck*, *supra*, at ¶ 16. The import of this conclusion is that Morrissey failed to establish prejudice under the plain error

standard. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22 (equating the requirement that "the trial court's error must have affected the outcome of the trial" with establishing that "the error resulted in prejudice").

{¶29} "[T]he prejudice standards for plain-error and ineffective-assistance-of-counsel claims are the same * * *." *State v. Cervantes*, 3d Dist. Henry No. 7-21-06, 2022-Ohio-2536, ¶ 58. *See Rogers* at ¶ 22 (holding that, to establish plain error, "[t]he accused is * * * required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims"). Thus, Morrissey's failure to establish prejudice under the plain error standard in his second assignment of error is a failure to establish prejudice under the ineffective assistance of counsel standard in his third assignment of error. *See also State v. Nurein*, 3d Dist. Hancock No. 14-21-18, 2022-Ohio-1711, ¶ 60.

{¶30} Since he has failed to demonstrate prejudice in each of the three arguments that he has raised against the constitutionality of the Reagan Tokes Law, Morrissey has not carried the burden of establishing an ineffective assistance of counsel claim. *See State v. Davis*, *supra*, 2022-Ohio-1900, at ¶ 17. For this reason, his third assignment of error is overruled.

*Conclusion*

**{¶31}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Hardin County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**